UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

 TIMOTHY BRYANT,

                                        Petitioner,

        v.                                                      3:06-CR-0060

UNITED STATES OF AMERICA,

                                        Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

Petitioner Timothy Bryant moves pursuant to 28 U.S.C. § 2255 seeking to vacate his sentence of 242 months issued on June 23, 2006.  Petitioner contends that he was "misled" into pleading guilty by a belief that he would serve no more than 10 years, and that this misinformation constitutes the ineffective assistance of counsel.

Absent some showing of special circumstances, Petitioner's claim is precluded by the one-year statute of limitations set forth in 28 U.S.C. § 2255.  Here, the judgment was final on July 16, 2006 and this petition was not mailed until August 1, 2007.  Petitioner has made no showing of special circumstances.  The petition is, therefore, untimely.

Furthermore, pursuant to the plea agreement, Petitioner waived his right to collaterally attack any sentence of 262 months or less.  Because Petitioner was sentenced to 242 months imprisonment, he has waived the right to file this petition.

Assuming, *arguendo*, that Petitioner's claim is not barred by the statute of limitations and he did not waive his right to collaterally attack the judgment, the record does not support his claim; in fact, it contradicts it.  At the plea colloquy, Petitioner affirmatively answered: 1) that he had not been promised leniency by his own counsel or anyone else in exchange for his guilty plea, other than what was encompassed in the plea agreement; 2) that his counsel had explained all the charges and the consequences of pleading guilty and that he understood them; 3) that he understood the plea agreement and had signed it voluntarily; and 4) that he was satisfied with the work his counsel had done on the case.

Further, the Court explicitly advised Petitioner that it was not bound by the sentencing recommendations made in the plea agreement and that the Court had the discretion to give a sentence above or below the guidelines.  The Court also advised Petitioner that he retained the right to appeal a sentence of 262 months or more.  In response, Petitioner said that he understood the Court's discretion and still wished to plead guilty.  Because Petitioner has failed to demonstrate any evidence that would tend to contradict the record, his petition is DENIED.

IT IS SO ORDERED.

Dated:October 2, 2007

Thomas J. McAvoy
Senior, U.S. District Judge